MAKI v COPPER RANGE COMPANY

SODERSTROM v COPPER RANGE COMPANY

Docket Nos. 60661, 60662. Submitted October 13, 1982, at Marquette.
—Decided November 18, 1982. Leave to appeal denied, 417
Mich ___.

Plaintiffs Roger Maki and Carl Soderstrom were injured during
the course of their employment with White Pine Copper Com-
pany. Both received workers' compensation benefits from defen-
dant Copper Range Company, the parent corporation of White
Pine, in its capacity of insurer for White Pine. Thereafter,
plaintiffs Roger Maki, and Carl Soderstrom and Phyllis Soder-
strom, husband and wife, brought actions in tort for their
personal injuries against Copper Range Company in the Onto-
nagon Circuit Court. Upon stipulation of the parties, motions
for summary judgments by Copper Range were resolved in a
single hearing. The trial court, Donald L. Munro, J., thereafter
entered orders granting summary judgments to Copper Range
in both actions. Plaintiffs appeal from those orders. The cases
were consolidated by the Court of Appeals for hearing and
decision. *Held:*

1. The trial court correctly found that the "retained control"
doctrine was inapplicable to the facts of this case. This doctrine
is not applied to a parent corporation's control over the activi-
ties of its subsidiary.

2. Majority stock ownership and common directors and offi-
cers, alone, will not provide a sufficient basis for disregarding
the fiction of the Copper Range Company's and the White Pine
Copper Company's separate existence. A subsidiary corporation
must become a mere instrumentality of the parent before its
corporate entity will be disregarded.

3. To establish a cause of action against a parent corporation

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[2] 73 Am Jur 2d, Summary Judgment § 12 *et seq.*

[3] 41 Am Jur 2d, Independent Contractors § 24.

53 Am Jur 2d, Master and Servant §§ 345, 404 *et seq.*

[4, 6] 18 Am Jur 2d, Corporations §§ 15, 17.

[5] 19 Am Jur 2d, Corporations § 716.

Liability of corporation for contracts of subsidiary. 38 ALR3d 1102.

on the basis that a subsidiary is a mere instrumentality of the parent, the following must be proved: (1) control by the parent to such a degree that the subsidiary has become its mere instrumentality, (2) fraud or wrong by the parent through its subsidiary, and (3) unjust loss or injury to the claimant. The facts here did not show sufficient control by Copper Range to disregard the corporate entity. Also, it was not shown or alleged that any control found to exist was exercised in such a manner as to defraud or wrong the plaintiffs resulting in unjust loss or injury.

4. Plaintiffs did not allege or produce documentary evidence of any negligent act by an employee of Copper Range which caused or contributed to the plaintiffs' injuries independent of the plaintiff-employees' relationship with White Pine.

5. Where a corporate veil is pierced because of the almost complete identity between the corporation and a majority shareholder, then the majority shareholder and the corporation are generally considered to be one and the same, *i.e.,* the employer, for purposes of the immunity provisions of the workers' compensation act.

Affirmed.

1. Motions — Summary Judgments — Genuine Issue of Material Fact — Court Rules.

A motion for summary judgment grounded on the absence of a genuine issue as to any material fact is designed to test whether there is factual support for a claim; the purpose of such a motion is limited to a determination of whether a material issue of fact exists (GCR 1963, 117.2[3]).

2. Motions — Summary Judgments — Genuine Issue of Material Fact — Court Rules.

A court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available when passing on a motion for summary judgment grounded on the absence of a genuine issue as to any material fact; before the summary judgment may be granted the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial; in reviewing the record, liberality should be exercised in finding a genuine issue of material fact, and the benefit of any reasonable doubt should be given to the party opposing the motion (GCR 1963, 117.2[3]).

3. Master and Servant — Words and Phrases — Retained Control — Corporations — Parent Corporations — Subsidiaries.

"Retained control" is a term used by Michigan courts to describe

conduct which may subject a landowner or general contractor to liability for injuries to employees of an independent contractor or subcontractor on a construction project; the doctrine of retained control does not apply to a parent corporation's control over the activities of its subsidiary.

4. CORPORATIONS — DISREGARDING CORPORATE ENTITIES — MERE INSTRUMENTALITIES.

Majority stock ownership and common directors and officers, alone, do not provide a sufficient basis for disregarding the separate corporate entities of a parent corporation and its subsidiary; the subsidiary corporation must become a mere instrumentality of the parent before its corporate entity will be disregarded.

5. CORPORATIONS — DISREGARDING CORPORATE ENTITIES — MERE INSTRUMENTALITIES.

To establish a cause of action against a parent corporation on the basis that a subsidiary corporation is a mere instrumentality of the parent corporation a claimant must prove: (1) control by the parent to such a degree that the subsidiary has become its mere instrumentality, (2) fraud or wrong by the parent through its subsidiary, and (3) unjust loss or injury to the claimant.

6. CORPORATIONS — MAJORITY SHAREHOLDERS — EMPLOYER — WORKER'S DISABILITY COMPENSATION ACT — IMMUNITY PROVISIONS — PIERCING CORPORATE VEIL.

A majority shareholder and the corporation will generally be considered one and the same, *i.e.,* the employer, for purposes of the immunity provisions of the workers' compensation act where the corporate veil is pierced because of the almost complete identity between the corporation and the majority shareholder (MCL 418.131, 418.827[1]; MSA 17.237[131], 17.237[827][1]).

*Wisti & Jaaskelainen, P.C.* (by *Michael E. Makinen),* for plaintiffs.

*Weis, Cossi, Geissler & Dean, P.C.* (by *Timothy M. Dean),* for defendant.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiffs appeal as of right from

orders granting summary judgments to defendant. These cases, which are two of three causes filed against defendant as the parent corporation of White Pine Copper Company, were consolidated by this Court for hearing and decision. The third case is *Savela v Westinghouse Electric Corp,* (Docket No. 61057 decided November 30, 1982 [unreported]).

Plaintiffs Roger Maki and Carl Soderstrom were injured during the course of their employment with White Pine Copper Company (White Pine). Plaintiff Maki fell from a ladder January 21, 1977, breaking both legs. Carl Soderstrom also fell from a ladder in an unrelated incident August 18, 1977, and has suffered dizziness, double vision, nausea, headaches and a hernia as a result of the fall. Plaintiffs Roger Maki and Carl Soderstrom received workers' compensation benefits from defendant Copper Range Company (Copper Range), in its capacity of insurer for White Pine.

Each plaintiff sued Copper Range as the parent corporation of White Pine, in tort for personal injuries. Plaintiffs alleged that Copper Range, by failing to implement safety programs and by failing to insist upon reasonable safety precautions for its employees, was guilty of negligence. After the taking of depositions, Copper Range moved for summary judgment in both actions pursuant to GCR 1963, 117.2(1) and (3), arguing (1) Copper Range was not liable for torts of its wholly owned subsidiary, and (2) if it was liable for its subsidiary's tort, plaintiffs' actions were barred by the exclusive remedy provisions of the workers' compensation act, MCL 418.131; MSA 17.237(131), MCL 418.827(1); MSA 17.237(827)(1).

Upon stipulation of the parties involved, Copper Range's motions for summary judgment against

plaintiffs Maki and the Soderstroms, and against Savela in No. 61057, were resolved in a single hearing. The parties further stipulated that the depositions taken in all three cases could be reviewed by the trial court in ruling on the motions. On October 5, 1981, the court issued its opinion and on October 17, 1981, orders were entered granting summary judgments to Copper Range, apparently based on the absence of a genuine issue of material fact, GCR 1963, 117.2(3). The court found that the pleadings and depositions failed to indicate any type of control "as would fit within the definition of retained control in the *Signs v Detroit Edison* case [93 Mich App 626; 287 NW2d 292 (1979)]". The court also stated that, were it to find that defendant retained control of White Pine, it would be constrained to rule that defendant would be in a position of an employer and, therefore, immune under the provisions of Michigan's workers' compensation law.

A motion for summary judgment grounded on the absence of a genuine issue as to any material fact is designed to test whether there is factual support for a claim. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). In passing on a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. The motion has the limited function of determining whether a material issue of fact exists. *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978). In reviewing the record, liberality should be exercised in finding a genuine

issue of material fact, and the benefit of any reasonable doubt should be given to the party opposing summary judgment. *Rizzo, supra,* p 372.

Throughout the proceedings, plaintiffs have predicated liability on the "retained control" doctrine as developed in *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974), and *Signs v Detroit Edison Co,* 93 Mich App 626; 287 NW2d 292 (1979). Plaintiffs argue that Copper Range owes a duty of due care to the employees of White Pine because it has retained control over on-the-job safety and working conditions of the employees. As evidence in support of its allegation of retained control, plaintiffs cite the exchange of personnel between Copper Range and White Pine, the presence of officers and top management employees who hold positions in both companies, disbursements which have been made by Copper Range for White Pine, Copper Range's use of White Pine's offices and property, and Copper Range's monitoring of the performance of departments of White Pine.

We believe that the trial court correctly found that the retained control doctrine is inapplicable to the facts of the present case. Retained control is a term used by Michigan courts to describe conduct which may subject a landowner or general contractor to liability for injuries to employees of an independent contractor or subcontractor on a construction project.

"Ordinarily a landowner is not responsible for injuries caused by a carefully selected contractor to whom he has delegated the task of erecting a structure. Most every rule has its exceptions. This rule is distinguished by the variety of its exceptions.

"An owner is responsible if he does not truly delegate —if he retains 'control' of the work—or if, by rule of

law or statute, the duty to guard against the risk is made 'nondelegable'." *Funk v General Motors,* p 101. (Footnote omitted.)

See, also, *Erickson v Pure Oil Corp,* 72 Mich App 330; 249 NW2d 411 (1976).

Plaintiffs cite no cases applying this doctrine to a parent corporation's control over the activities of its subsidiary, and we decline to do so. To hold a parent corporation responsible for injuries to employees of the subsidiary merely because of the control inherent in the parent-subsidiary relationship would destroy the long established protection afforded shareholders by incorporation. The parent-subsidiary relationship, by definition, includes the same elements which plaintiffs argue show "retained control" by the parent. In such relationship, the parent, as owner of all or most of the subsidiary's stock, is able to exert control over the subsidiary. To protect its investment and control of the subsidiary, the parent and subsidiary frequently share directors or officers and the parent may monitor the subsidiary's fiscal activities and dealings. See generally, *Gledhill v Fisher & Co,* 272 Mich 353; 262 NW 371 (1935); *Finley v Union Joint Stock Land Bank of Detroit,* 281 Mich 214; 274 NW 768 (1937); *Steven v Roscoe Turner Aeronautical Corp,* 324 F2d 157 (CA 7, 1963).

For these reasons, courts have recognized that majority stock ownership and common directors and officers, alone, will not provide a sufficient basis for disregarding the fiction of these corporations' separate existence. A subsidiary corporation must become "a mere instrumentality" of the parent before its corporate entity will be disregarded. *Steven, supra.*

In order to establish a cause of action because a subsidiary is a mere instrumentality of its parent,

the following must be proved: (1) control by the parent to such a degree that the subsidiary has become its mere instrumentality; (2) fraud or wrong by the parent through its subsidiary; and (3) unjust loss or injury to the claimant. *Gledhill, supra,* pp 357-358. *Soloman v Western Hills Development Co (After Remand),* 110 Mich App 257, 262-264; 312 NW2d 428 (1981).

We doubt from our review of the documentary evidence that the facts show sufficient control by Copper Range to disregard the corporate entity. Even assuming *arguendo* that sufficient evidence exists to establish a genuine issue of material fact on the control element, plaintiffs have not alleged, and the evidence fails to show, that this control was exercised in such a manner as to defraud or wrong them, resulting in unjust loss or injury.

We also note that plaintiffs' reliance on *Oliver v St Clair Metal Products Co,* 45 Mich App 242; 206 NW2d 444 (1973), is misplaced. As the trial court concluded, plaintiffs have made no allegations, nor have they produced any documentary evidence, of any negligent act by an employee of Copper Range which has caused or contributed to plaintiffs' injuries, independent of the plaintiff-employees' relationship with White Pine.

Finally, in essence, plaintiffs argue, on one hand, that such a closeness of identity exists between Copper Range and White Pine that Copper Range owes a duty to provide safe working conditions for White Pine employees, while, on the other hand, arguing that Copper Range and White Pine are separate entities, and as such, plaintiffs are not barred from recovering against Copper Range by the immunity provisions of the workers' compensation act. We agree with the statement in *Pettaway v McConaghy,* 367 Mich 651, 654; 116 NW2d 789

(1962), that if a corporate veil is pierced because of the almost complete identity between the corporation and the majority shareholder, then the majority shareholder and the corporation would generally be considered one and the same, *i.e.,* the employer, for purposes of the immunity provisions.

Affirmed.