COUNCIL OF THE VILLAGE OF ALLEN PARK *v.* ALLEN
PARK VILLAGE CLERK.

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENT BONDS—ELEC-
   TIONS.

   Statute prohibiting a village from authorizing ''any issue of
   bonds except special assessment bonds * * * unless ap-
   proved by three-fifths of the electors voting thereon'' excepts
   special assessment bonds from need of electoral authorization
   (1 Comp. Laws 1929, § 1788).

2. SAME—BONDS IN ANTICIPATION OF COLLECTION OF SPECIAL. AS-
   SESSMENTS—LIABILITY OF VILLAGE FOR PAYMENT.

   The right of a village to issue bonds in anticipation of collection
   of special assessments carries a liability to pay the bonds,
   such bonds being excepted from the amount of prohibited vil-
   lage indebtedness (1 Comp. Laws 1929, § 1788).

3. SAME—REFUNDING SPECIAL ASSESSMENT BONDS—ELECTIONS—
   COUNTER-SIGNATURE BY VILLAGE CLERK.

   A village clerk is under a mandatory duty to countersign re-
   funding special assessment bonds pledging the full faith and
   credit of the village as authorized by the village council with-
   out vote of village electors where village charter requires his
   signature and statute authorizes issuance of special assess-
   ment bonds without such vote .(1 Comp. Laws 1929, § 1788).

4. COURTS—OPINION AS PRECEDENT—BRIEF AMICUS CURIAE.

   Where point argued in brief *amicus curiae* was presented in ap-
   peal and rightly considered by the court, the opinion as to such
   point was a precedent and not merely dictum, although the
   point was not argued by counsel representing the parties.

5. COSTS — MUNICIPAL CORPORATIONS — MANDAMUS — ISSUANCE OF
   BONDS.

   No costs are allowed in mandamus proceeding to compel village
   clerk to countersign refunding special assessment bonds au-
   thorized by village council (1 Comp. Laws 1929, § 1788).

Petition by Etril L. Leinbach and others, as the
council of the Village of Allen Park, Michigan, for
a writ of mandamus to require Stanley H. Burbank,
Village Clerk, to countersign refunding special as-

sessment bonds. Submitted June 22, 1944. (Calendar No. 42,808.) Writ granted September 11, 1944.

*Claude H. Stevens,* for plaintiff.

*Harry Vellmure,* for defendant.

*Miller, Canfield, Paddock & Stone, amici curiae.*

WIEST, J. The council of the village of Allen Park, by petition, seeks our writ of mandamus directing the village clerk to countersign refunding special assessment bonds, pledging the full faith and credit of the village as authorized by the council. The clerk refuses so to countersign, claiming such refunding special assessment bonds may not issue unless authorized by vote of the village electorate. The charter of the village requires that bonds be countersigned by the clerk. The original special assessment bonds, authorized by the village council, pledged the full faith and credit of the village, without vote of the village electors. The purpose of refunding, in part, is to reduce the rate of interest.

The question of law here involved is well stated as follows in petitioner's brief:

"Is an electoral vote necessary, under the provisions of Act No. 278, § 26, subd. (e), Pub. Acts 1909, as amended?"

The statute, 1 Comp. Laws 1929, § 1788 (Stat. Ann. § 5.1536), relating to prohibited bond issues, provides:

"(e) Or authorize any issue of bonds except special assessment bonds, * * * unless approved by three-fifths of the electors voting thereon at any general or special election."

Counsel for defendant concedes that no electoral vote was required by the village charter. The sole question turns upon the meaning of the term "special assessment bonds," as employed in the mentioned section of the village home rule act. The quoted subdivision excepts special assessment bonds from need of electoral authorization.

Counsel for defendant urges us to circumscribe the term "special assessment bonds" as employed in the statute to such as are payable solely from the assessments levied against districts and the collections thereof made. So to hold would render the village, maker of the bonds, a mere tax collector for the bondholders. The right of the village to issue bonds in anticipation of collection of special assessments carries a liability to pay the bonds. Such bonds are excepted from the amount of prohibited village indebtedness.

Counsel for plaintiff cite our opinion in *Callahan* v. *City of Berkley,* 307 Mich. 701. That case is in point. Counsel for defendant claims that, upon the pivotal point here involved, the opinion was dictum in that, while the point was presented in the appeal, it was not argued by counsel representing the parties. It was argued in the brief *amicus curiae,* rightly considered, and a motion for rehearing denied.

The village clerk is directed to countersign the refunding bonds, as issued by the village council. No costs.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.