PETTAWAY *v.* McCONAGHY.

1. TORTS—RECIPIENT OF WORKMEN'S COMPENSATION—PARTIES—COR-
PORATE VEIL.

An injured employee of a corporation would be unable to proceed
against a defendant as the alleged third-party tortfeasor, where
he is the sole stockholder, president, and manager of the cor-
porate employer, should the corporate veil be pierced because
of the almost complete identity between the defendant and the
corporation from which plaintiff had received workmen's com-
pensation (CLS 1956, § 413.15).

2. WORKMEN'S COMPENSATION—RECOVERY FROM THIRD-PARTY TORT-
FEASOR.

An injured employee may recover workmen's compensation and
either he or his employer or both may sue the third-party tort-
feasor causing the injury, recovery by the employer being for
the workmen's compensation paid the employee (CLS 1956,
§ 413.15).

3. SAME—COMMON-LAW ACTION FOR TORT—PARTIES.

Provision of workmen's compensation act allowing an injured em-
ployee to recover workmen's compensation *and* then proceed
against "some person other than a natural person in the same
employ or the employer" excluded from the common-law action
*all* natural persons who are carrying on the activities of the
employer, regardless of what the activities may be (CLS 1956,
§ 413.15).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur, Corporations §§ 7, 8.
[2] 58 Am Jur, Workmen's Compensation §§ 60, 358.
Workmen's compensation: rights and remedies of employee and
employer against third person whose negligence caused injury to
employee. 19 ALR 766, 782, 27 ALR 493, 500, 37 ALR 838, 844,
67 ALR 249, 266, 88 ALR 665, 678, 106 ALR 1040, 1053.
[3] 58 Am Jur, Workmen's Compensation § 60 *et seq.*
[5] 58 Am Jur, Workmen's Compensation § 206.

4. TORTS—OFFICER OF CORPORATE EMPLOYER WHICH HAS PAID WORK-
MEN'S COMPENSATION.

Action against defendant, who was the sole stockholder, presi-
dent, and manager of corporation from which plaintiff, injured
employee, had recovered workmen's compensation was properly
dismissed as he was a natural person in the same employ of
the employer excepted from liability as a third-party tortfeasor
(CLS 1956, § 413.15).

5. SAME—SAFETY DEVICES ON PRESS—GROSS NEGLIGENCE—PARTIES.

The failure of defendant, sole stockholder, president, and general
manager of employer corporation which had paid workmen's
compensation to plaintiff, to place proper safety devices on con-
verted press for protection of operator, even if constituting
gross negligence and wilful misconduct, would not make de-
fendant liable as third-party tortfeasor (CL 1948, § 408.65;
CLS 1956, § 413.15).

Appeal from Wayne; Rashid (Joseph G.), J.
Submitted April 6, 1962. (Docket No. 38, Calendar
No. 49,234.) Decided September 10, 1962.

Case by James Pettaway against John J. Mc-
Conaghy for personal injuries sustained while em-
ployed in factory operated by a corporation in which
defendant was an officer and majority stockholder.
Dismissed on motion. Plaintiff appeals. Affirmed.

*Goodman, Crockett, Eden, Robb & Philo (Harry
M. Philo,* of counsel), for plaintiff.

*Carl F. Davidson,* for defendant.

ADAMS, J. This is an appeal from order of the
circuit judge granting defendant's motion to dismiss
plaintiff's declaration. Plaintiff lost both hands
while operating a press at the plant of the American
Asbestos Products Co., Inc. Plaintiff received an
award for compensation and is presently receiving
payments under the workmen's compensation act.[1]

---

[1] PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et
seq.,* as amended [Stat Ann 1960 Rev § 17.141 *et seq.*]).—REPORTER.

Plaintiff declared against defendant as an officer, director, majority stockholder, and general supervisor of American Asbestos Products Co., Inc. Plaintiff alleged that defendant converted a press from manual to automatic operation in violation of CL 1948, § 408.65 (Stat Ann 1960 Rev § 17.25).[2] It is claimed the press, as converted, did not have a proper safety device for the protection of the operator. Plaintiff alleges that as a result of the negligent acts of defendant he lost his hands and sustained other injuries.

Two questions are raised. The first is whether there is a possible liability of defendant under CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189),[3] or whether defendant falls under the exceptions from

---

[2] "It shall be the duty of the owner of any factory, storehouse or warehouse, or his agent, superintendent or other person in charge of the same, to furnish or supply, or cause to be furnished or supplied, and equip all machinery in use with proper shifters or other mechanical contrivances for the purpose of throwing belts on or off pulleys. It shall be unlawful for any person, firm, copartnership or corporation, to operate or cause to be operated, any of the machinery or equipment mentioned in this section, without it being first properly equipped with proper safety devices and guards. All gearing and belting shall be provided with proper safeguards, and when necessary, machinery shall be provided with loose pulleys. All vats, saws, pans, planers, cogs, set screws, gearing and machinery of every description shall be properly guarded. * * * It shall be unlawful for any person, firm or corporation, or agent thereof, to install or place in operation any of the machinery or equipment mentioned in this section unless the same be equipped with proper safeguards, and unless the same be approved by the commission or factory inspector."

[3] "Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of action prescribed by statute, enforce the liability of such other person in the name of that person."

liability as being "a natural person in the same employ or the employer." The second is whether defendant is liable because of gross, wilful, and wanton misconduct. The trial judge held that under any theory presented by the pleadings or on the argument of the motion to dismiss, defendant must be held to be either the employer or "a natural person in the same employ" as the plaintiff.

Defendant is the sole stockholder, president, and manager of the American Asbestos Products Co. Defendant was generally in the office and regularly took trips around the plant. He was on the job managing and supervising. There is such a complete identity between the defendant and the corporation as to suggest that one was simply the alter ego of the other. However, the trial court did not so hold. Nor are we asked to do so on this appeal. If the corporate veil were pierced because of the almost complete identity between the corporation and defendant, then plaintiff would be unable to proceed under CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17-.189).

Turning to the other exemption from third party liability—"a natural person in the same employ"—plaintiff would have us define these words to mean only a fellow employee, excluding defendant and thereby permitting plaintiff to pursue his claim.

Under the workmen's compensation law, the common-law theories of negligence, contributory negligence, negligence of a fellow employee, and assumption of risk,[4] were virtually done away with in return for speedy compensation to an injured employee and practically exclusive liability under the statute of the employer. Part 3, § 15 of the statute reopens the door, insofar as tort liability goes, where the injury for which compensation is payable was caused

---

[4] See CL 1948, § 411.1 (Stat Ann 1960 Rev § 17.141).—Reporter.

under circumstances creating a liability in some person other than a natural person in the same employ or the employer. Since the 1952 amendment to this section, the employee is no longer required to make an election as to whether or not to pursue his common-law remedy against the third person, or his remedy under the act against the employer. Now, if the injury is one that is compensable, the employee, as has been done in this case, may obtain compensation under the act. It is noteworthy that section 15 is not for his sole benefit alone. The employer also is a party to the proceedings under said section and may after a period of 1 year initiate proceedings himself to recover from the offending third person the workmen's compensation paid to the employee, if proceedings were not initiated by the employee.

Taking into account the statutory scheme, it would seem that the construction of part 3, § 15 which plaintiff would have us make, would result in many difficulties. The first and most manifest would be to determine in each case whether or not an individual is a fellow employee and so free from liability, or is not a fellow employee because of being a foreman, or a member of another department, or engaging in some corporate activity that is not related to the plaintiff's duties, in consequence of which he would be liable to the injured employee and possibly to the employer.

It would appear that the legislature intended, by the amendatory act of 1952 (CLS 1956, § 413.15), not only a continuation of the exemption of employers from liability provided for by section 4 of part 1 of the workmen's compensation act (CL 1948, § 411.4), but also to exempt from liability under such amendatory act *all* natural persons who are carrying on the activities of the employer, regardless of what those activities may be.

The trial judge properly held that the defendant falls within the exception of the statute.

The second question raised by the plaintiff is whether or not he can recover because his injury was caused by the gross negligence and wilful and wanton misconduct of defendant.

The cases cited by plaintiff in support of this proposition (*Artonio* v. *Hirsch,* 3 App Div 2d 939 [163 NYS2d 489], and *D'Agostino* v. *Wagenaar,* 183 Misc 184 [48 NYS2d 410], aff'd 268 App Div 912 [51 NYS2d 756]) do not appear to be wilful and wanton misconduct cases, but rather cases in which the plaintiff was either injured by a fellow employee, acting outside the course of his employment, or, at a time when he was off work, engaging in some activity wholly unrelated to his employment. No such exception because of gross negligence and wilful and wanton misconduct appears in the language of the statute nor does there appear to be any basis for the same in the cases cited.

The trial court properly granted the motion to dismiss.

Affirmed, with costs to appellee.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.