NARDI v AMERICAN MOTORS CORPORATION

Docket No. 85218. Submitted September 30, 1986, at Marquette. Decided November 17, 1986.

Shirley Nardi brought a negligence action in the Iron Circuit Court against American Motors Corporation. Plaintiff alleged damages as a result of injuries arising from her employment with Coleman Products Company, a wholly-owned subsidiary of AMC. Defendant moved for a summary judgment. The trial court, John D. Payant, J., granted the motion after ruling as a matter of law that AMC was plaintiff's employer under the exclusive remedy provision of the workers' compensation act. Plaintiff appeals.

The Court of Appeals *held:*

The facts indicate that AMC should be considered plaintiff's employer for purposes of the workers' compensation act. The trial court did not err.

Affirmed.

WORKERS' COMPENSATION — EMPLOYERS — ECONOMIC REALITIES TEST.

The economic realities test is to be applied to determine whether a defendant should be treated as a plaintiff's employer for purposes of the exclusive remedy provision of the workers' compensation act; this test looks to the totality of the circumstances surrounding the work, including control, payment of wages, hiring and firing, and maintenance of discipline.

*Wisti & Jaaskelainen, P.C.* (by *Andrew H. Wisti*), for plaintiff.

*Mouw & Celello, P.C.* (by *David B. Celello* and *Richard J. Celello*), for defendant.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 96 *et seq.*

See the annotations in the Index to Annotations under Workers' Compensation.

Before: Allen, P.J., and Cynar and R. C. Livo,* JJ.

Per Curiam. Plaintiff appeals from an order granting summary judgment in favor of defendant. Plaintiff filed her negligence claim as the result of injuries allegedly arising from her employment with Coleman Products Company, a wholly-owned subsidiary of American Motors Corporation. Plaintiff alleged in her complaint that AMC was the parent corporation of Coleman, that various executive and administrative officers of Coleman were on the payroll of AMC or, alternatively, exercised direct control and supervision over employees of Coleman. Plaintiff also alleged that she was injured in the course of her employment, and that AMC was negligent in its control and supervision of Coleman employees and, therefore, vicariously liable in negligence for plaintiff's injuries under the doctrine of respondeat superior.

On March 30, 1983, defendant moved for an accelerated judgment pursuant to GCR 1963, 116.1(1), now MCR 2.116(C)(1), claiming that defendant was immune from suit under the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). Plaintiff asserted that Coleman and defendant were separate and distinct corporations, but that defendant's agents and employees voluntarily exercised power and control over Coleman's employees and, because of defendant's voluntary role, it owed a duty of reasonable care to Coleman's employees. On August 25, 1983, the trial court denied defendant's motion for accelerated judgment.

On December 21, 1984, defendant filed a motion for reconsideration praying for accelerated judgment or, in the alternative, summary judgment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

under GCR 1963, 117.2(3), now MCR 2.116(C)(10). Defendant based its motion on this Court's unpublished per curiam opinion in *Mathews v American Motors Corp* (Docket No. 68909, decided November 29, 1983. The trial court granted defendant's motion for summary judgment, and plaintiff appeals.

Plaintiff contends that the trial court erred by ruling that as a matter of law AMC was plaintiff's employer under the exclusive remedy provision of the workers' compensation act. We disagree.

Our Supreme Court has recognized the important public policies underlying the workers' compensation act:

> The statutory workers' compensation scheme was enacted for the protection of both employees and employers who work and do business in this state. The system assures covered employees that they will be compensated in the event of employment-related injuries. In addition, employers are assured of the parameters of their liability for such injuries. By agreeing to assume responsibility for all employment-related injuries, employers protect themselves from the possibility of potentially excessive damage awards. In order to effectuate these policies, the statute has been liberally construed to provide broad coverage for injured workers. [*Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 651; 364 NW2d 670 (1984).]

After noting the benefits to both employees and employers, the Court went on to hold that a liberal construction should be given to the statute. This generous construction should be used whether the employee or the employer is using the act:

> If the statute is to be construed liberally when an employee seeks benefits, it should not be construed differently when the employer asserts it as a defense to a tort action brought by the employee

who claimed and accepted benefits arising from that employment relationship. [*Wells, supra,* p 651.]

Plaintiff alleged in her complaint that she incurred injury because she was required by defendant to use her upper body in such a way while she was doing her job that her circulation was affected. She contended that defendant exercised so much control and supervision over her job that it controlled even the way she used her body to complete her work. On the other hand, plaintiff contended that the defendant's control was not so pervasive that defendant should be considered her employer. A similar argument was rejected in *Dobbs v Journal Co,* 137 Mich App 663; 358 NW2d 32 (1984); *Maki v Copper Range Co,* 121 Mich App 518, 525; 328 NW2d 430 (1982), lv den 417 Mich 1030 (1983). Plaintiff was injured while doing her usual job in the usual way; she made no argument that her injury was incurred by a product manufactured by defendant or that defendant committed an intentional tort. She contended only that defendant was negligent in requiring her to do her assigned task in such a manner that her circulation was impaired. Essentially plaintiff's cause of action arises from her employee-employer relationship with defendant. Any further development of the facts to support plaintiff's claim would also support the conclusion that defendant should be treated as plaintiff's employer.

The test to be applied to determine if defendant should be treated as plaintiff's employer is the "economic realities" test. This test looks to the totality of the circumstances surrounding the work, including control, payment of wages, hiring and firing, and maintenance of discipline. *Farrell v Dearborn Mfg Co,* 416 Mich 267, 276; 330 NW2d 397 (1982).

In the instant case, defendant submitted an affidavit stating that the directors of Coleman Products Company are employees of defendant, that the executive officers of defendant have control over the executive officers of Coleman and that defendant issues W-2 forms under its own name for Coleman's salaried employees grade eight and above. Further, Coleman is self-insured for Michigan workers' disability compensation benefits under the same filing as defendant and defendant purchases excess workers' compensation insurance coverage for Coleman. The affidavit goes on to say that any accounting work done by Coleman is pursuant to procedures established by defendant and certain treasury and corporate charges and credits are actually handled by defendant. Federal tax forms are filed by defendant for Coleman and copies of the employment records of Coleman's executives are maintained at the defendant's personnel office. Salaried employees grade eight and above participate in defendant's "progress sharing" plan and health benefits. Defendant also establishes the level of benefits for Coleman's hourly employees and those salaried employees grade seven and below. Defendant's affidavit further states that the general guidelines for hiring and firing that Coleman uses are established by defendant and that defendant's personnel are consulted for hiring and firing decisions. All of these factors, plus plaintiff's own contention that defendant controlled the way she was required to do her work, indicate that defendant should be considered plaintiff's employer for purposes of the workers' compensation act. In keeping with the important public policies of the act, plaintiff should not be allowed to bring a tort action against one who was acting as her employer. The trial court did not err.

Affirmed.