VERHAAR v CONSUMERS POWER COMPANY

Docket No. 106360. Submitted April 13, 1989, at Grand Rapids. Decided May 26, 1989.

Roger Verhaar, an employee of Clifton Engineering Company, and Kendra Verhaar brought an action in the Kent Circuit Court against Consumers Power Company, Rowen & Blair Electric Company and another for injuries sustained by Roger Verhaar during the course of his employment. The injury occurred when he fell from the bucket of a crane owned by Rowen & Blair, the parent company of Clifton Engineering, and maintained by Clifton. Rowen & Blair and Clifton Engineering were insured, for workers' compensation purposes, under a single policy, pursuant to which Roger Verhaar received disability benefits. The two corporations had interlocking boards of directors and officers, and the federal income tax return filed by Rowen & Blair reported earnings from Clifton Engineering. The two corporations also reported earnings to stockholders on a consolidated financial statement, and had identical personnel policies. Accounting and payroll was principally done from the offices of Rowen & Blair. The upper echelons of management of both corporations were also insured under the same policies. The court, George R. Cook, J., denied Rowen & Blair's motion for summary disposition. Rowen & Blair appealed by leave granted.

The Court of Appeals *held:*

The existence of an employer-employee relationship for workers' compensation purposes can be determined by the economic realities of the situation. Four factors are relevant in analyzing the nature of such a relationship: (1) control of the worker's duties; (2) payment of wages; (3) right to hire, fire and discipline; and (4) performance of the duties as an integral part of an employer's business toward the accomplishment of a common goal. Rowen & Blair and Clifton Engineering seemed to be integrally related and the fact that the claim arises out of an allegedly defective product is not dispositive. The court erred in denying the motion.

Reversed and remanded.

REFERENCES

Am Jur 2d, Workmen's Compensation § 153.

WORKERS' COMPENSATION — EMPLOYMENT — ECONOMIC REALITIES
TEST.
  The existence of an employer-employee relationship for workers'
  compensation purposes can be determined by the economic
  realities of the situation; four factors are relevant in analyzing
  the nature of such a relationship: (1) control of the worker's
  duties; (2) payment of wages; (3) right to hire, fire and disci-
  pline; and (4) performance of the duties as an integral part of
  an employer's business toward the accomplishment of a com-
  mon goal.

*Chambers, Steiner, Mazur, Ornstein & Amlin,
P.C.* (by *Frank J. Chambers*), for plaintiffs.

*Farr & Oosterhouse* (by *D. Scott Stuart*), for
Rowen & Blair Electric Company.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and
McDONALD, JJ.

PER CURIAM. Appellant appeals by leave granted
from an order of the trial court denying appel-
lant's motion for summary disposition.

Appellant is the parent corporation of Clifton
Engineering Company, plaintiff's employer. In the
course of his employment for Clifton, Roger Verh-
aar was injured when he fell from a crane bucket.
The crane was owned by appellant Rowen & Blair,
but maintained by Clifton.

Rowen & Blair and Clifton Engineering are
insured, for workers' compensation purposes, un-
der a single policy, pursuant to which Roger Verh-
aar received disability benefits. The two corpora-
tions have interlocking boards of directors and
officers, and the federal income tax return filed by
Rowen & Blair reports earnings from Clifton Engi-
neering.

The two corporations also report earnings to
stockholders on a consolidated financial statement,
and have identical personnel policies. Accounting

and payroll is principally performed from the offices of Rowen & Blair. The upper echelons of management of both corporations are also insured under the same policies.

In seeking summary disposition, appellant relied on the exclusive remedy provision of the Workers' Disability Compensation Act. The trial court ruled that, as a matter of law, applying the economic realities test, Rowen & Blair was not Roger Verhaar's "employer" within the meaning of the exclusive remedy provision.

On appeal appellant claims that the exclusive remedy provision of the Michigan Workers' Disability Compensation Act prohibits the plaintiffs, as a matter of law, from bringing a products liability claim against the defendant Rowen & Blair Electric Company. We agree and reverse.

Since the decision in *Wells v Firestone Tire & Rubber Co,* 421 Mich 641; 364 NW2d 670 (1984), there is only one published opinion in which this Court did not hold that the exclusive remedy provision of the WDCA required the "reverse piercing" of the corporate veil. That case is *Wodogaza v H & R Terminals, Inc,* 161 Mich App 746; 411 NW2d 848 (1987), where it was the subsidiary corporation seeking protection against a suit by an employee of the parent company.

In all the other cases, where an employee of a subsidiary corporation was suing the parent, this Court held that suit was barred by the exclusive remedy provision. Applying the economic realities test, four factors are considered relevant to analyzing the nature of such a relationship: (1) control of the worker's duties; (2) payment of wages; (3) hiring, firing, and responsibility for the maintenance of discipline; and (4) performance of the duties as an integral part of the employer's busi-

ness toward the accomplishment of a common goal.

None of the cases decided to date involve conglomerates, where various subsidiary corporations might be engaged in such unrelated commercial activity that, other than seeking to earn profit, there is no discernible "common goal" of which any particular subsidiary could form an "integral part." Here, however, Clifton Engineering and Rowen & Blair seem to be integrally related: the one performing field work, the other supplying equipment, etc.

In most of the cases, a salient factor has been the use of a combined workers' compensation insurance policy by both parent and subsidiary. *Wells, supra,* p 651; *Nardi v American Motors Corp,* 156 Mich App 275, 279; 401 NW2d 348 (1986); *White v Central Transport, Inc,* 150 Mich App 128, 131; 388 NW2d 274 (1986).

Likewise, the type of combined bookkeeping and accounting which is a feature of the case at bar, together with income tax treatment that regards the corporations as a single entity, has been a powerful and persuasive factor in supporting the conclusion that the two corporations should be treated as one for the purposes of the exclusive remedy provision. *White, supra,* p 131; *Wells, supra,* p 649; *Parkkonen v Cleveland Cliffs Iron Co,* 153 Mich App 204, 208; 395 NW2d 289 (1986); *Nardi, supra,* p 279. Another feature of those cases applying the exclusive remedy provision is the source of personnel policies. The other cases cited were somewhat stronger than the case at bar, in that hiring and firing was generally accomplished directly by the parent corporation, but in *Wells* and the case at bar there was nothing more than unity of policy.

Finally, the assertion that Rowen & Blair should

be treated as a separate juridical entity, a different corporate persona for exclusive remedy provision purposes, because the claim arises out of an allegedly defective product, is without merit. As the Supreme Court held in *Wells:*

> The great majority of American jurisdictions have held that an employer who manufactured the injury-causing device cannot be held liable to his employee under a products liability theory. [421 Mich 653.]

The Court thus rejected the claim that the "dual capacity" doctrine should be applied where the gravamen of the claim is a products liability theory.

Consequently, the trial court erred in denying appellant's motion for summary disposition; examination of all indicia previously relied on in reverse piercing of the corporate veil reveals that they are extant in the case at bar.

Reversed and remanded to the trial court for entry of summary disposition in favor of appellant on its motion.