BITAR v WAKIM

Docket No. 173717. Submitted March 15, 1995, at Detroit. Decided
June 23, 1995, at 9:30 A.M. Leave to appeal sought.

Fauzie Bitar brought an action in the Wayne Circuit Court
against Iskandar Wakim, seeking damages for injury sustained
on premises owned by the defendant. The premises was the
location of the plaintiff's employer, Beirut Bakery, Inc., all of
whose stock was held by the defendant. The plaintiff sustained
the injury in the course of employment and received worker's
compensation benefits. The court, Paul S. Teranes, J., granted
summary disposition for the defendant, ruling that the defen-
dant could be deemed the plaintiff's employer, that the defen-
dant, as employer, did not have a second identity needed for
application of the dual-capacity doctrine, and that worker's
compensation was the plaintiff's exclusive remedy. The plaintiff
appealed.

The Court of Appeals *held*:

1. Because there is such a complete identity between the
defendant and his corporation, they may be treated as one and
the same. The defendant properly may be considered as the
plaintiff's employer for purposes of the exclusive remedy of
worker's compensation.

2. The dual-capacity doctrine recognizes that an employer
can, under certain circumstances, occupy a status other than
that of an employer with respect to an employee. The doctrine
is applicable only in those situations where the employer has a
second identity that is completely distinct and removed from
the status of employer. Here, the defendant, when deemed as
the plaintiff's employer, did not have a second identity.

Affirmed.

WORKER'S COMPENSATION — EXCLUSIVE REMEDY — CORPORATIONS —
SOLE SHAREHOLDERS — PREMISES LIABILITY.

An individual who owns property and is the sole shareholder of a
corporate employer located on the property may, for purposes

REFERENCES

Am Jur 2d, Workers' Compensation § 229.
See ALR Index under Workers' Compensation.

of the exclusive remedy provision of the Worker's Disability Compensation Act, be deemed the employer of an employee of the corporation who in the course of employment sustains injury while on the property (MCL 418.131; MSA 17.237[131]).

*Law Offices of Geno T. Zayid, P.C.* (by *James T. Simmons*), for the plaintiff.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Gerald A. Pawlak* and *Barbara H. Goldman*), for the defendant.

Before: JANSEN, P.J., and CORRIGAN and T. G. KAVANAGH,* JJ.

JANSEN, P.J. Plaintiff appeals as of right from a March 7, 1994, order of the Wayne Circuit Court granting defendant's motion for summary disposition. The trial court ruled that plaintiff's negligence claim was barred by the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.131; MSA 17.237(131). We affirm.

On December 23, 1991, plaintiff was an employee of Beirut Bakery, Inc. On that date, while acting in the course of her employment, plaintiff took trash out to a garbage bin located in the parking lot near the building. Plaintiff was injured when she slipped and fell on ice in the parking lot. Plaintiff subsequently applied for and received benefits under the WDCA.

Defendant is the sole shareholder of Beirut Bakery and also owns the building and parking lot where the bakery is located. Defendant is a principal employee of the bakery, acting as general manager and supervisor of its operations. On April 6, 1993, plaintiff filed this suit against defendant,

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

in his capacity as owner of the building and the adjacent parking lot where plaintiff fell. Plaintiff alleged in her complaint that defendant breached his duty to maintain the premises in a safe condition and to exercise reasonable care to diminish the hazards of ice in the area where she fell.

Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Defendant sought summary disposition under the exclusive remedy provision of the WDCA. Defendant's theory was that he should be treated as plaintiff's employer for purposes of the WDCA under a "reverse piercing" of the corporate veil analysis because he was the sole owner of, and therefore inseparable from, Beirut Bakery. Defendant also argued that plaintiff could not avoid the exclusive remedy provision by invoking the dual-capacity doctrine because defendant's status as the building owner was not completely distinct from his status as plaintiff's employer. The trial court granted the motion for summary disposition, ruling that defendant should be treated as the employer under reverse piercing of the corporate veil theory and that the dual-capacity doctrine did not apply.

I

The proper subrule for reviewing questions regarding the exclusive remedy provision is MCR 2.116(C)(4) (lack of subject-matter jurisdiction). See *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 646, n 1; 364 NW2d 670 (1984). Because there is no indication that either party was prejudiced by the labeling of the motion, this issue is analyzed under MCR 2.116(C)(4). *Id.*

This Court reviews a motion for summary disposition de novo. When reviewing a motion for summary disposition under MCR 2.116(C)(4), we must

determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. MCR 2.116(I)(1); *Faulkner v Flowers,* 206 Mich App 562, 564; 522 NW2d 700 (1994).

Initially, we agree with the parties that the "economic reality test," as applied in worker's compensation cases to determine whether an employment relationship existed between a plaintiff and a defendant, is not the appropriate test to be applied in this case. See *Wells, supra,* pp 646-647. When determining whether a parent or subsidiary corporation is an employer for purposes of the WDCA, the test to apply is the economic reality test. *Isom v Limitorque Corp,* 193 Mich App 518, 521; 484 NW2d 716 (1992). Because this case does not involve a parent/subsidiary question, but a sole shareholder/corporation issue, application of the economic reality test is inappropriate. In this case, the sole shareholder and the corporation are not separate entities. *Id.,* pp 521-522; *Derigiotis v J M Feighery Co,* 185 Mich App 90, 95; 460 NW2d 235 (1990).

However, we must determine whether defendant can use reverse piercing of the corporate veil of Beirut Bakery to establish that he is plaintiff's employer for purposes of using the exclusive remedy provision of the WDCA. We find that defendant is entitled to use this equitable doctrine.

The piercing of a corporate veil is an equitable doctrine. *Soloman v Western Hills Development Co (After Remand),* 110 Mich App 257, 263; 312 NW2d 428 (1981). Generally, separate entities will be respected. *Wells, supra,* p 650. However, the doctrine of piercing the corporate veil is appropriate to invoke for the benefit of a shareholder where the equities are compelling. *Id.,* p 651. In

*Wells,* our Supreme Court disregarded the separate corporate entities of the parent corporation and its wholly owned subsidiary on the basis of the public policies underlying the WDCA and the belief that this achieved an equitable result. As stated in *Wells, supra,* p 651:

> The statutory workers' compensation scheme was enacted for the protection of both employees and employers who work and do business in this state. The system assures covered employees that they will be compensated in the event of employment-related injuries. In addition, employers are assured of the parameters of their liability for such injuries. By agreeing to assume responsibility for all employment-related injuries, employers protect themselves from the possibility of potentially excessive damage awards. In order to effectuate these policies, the statute has been liberally construed to provide broad coverage for the injured workers. . . .
>
> If the statute is to be construed liberally when an employee seeks benefits, it should not be construed differently when the employer asserts it as a defense to a tort action brought by the employee who claimed and accepted benefits arising from that employment relationship.

Generally, the law treats a corporation as an entirely separate entity from its stockholders, even where one person owns all of the corporate stock. *Kline v Kline,* 104 Mich App 700, 702; 305 NW2d 297 (1981). Complete identity of interest between the sole shareholder and corporation may lead courts to treat them as one for certain purposes. *Id.* Each case involving disregard of the corporate entity rests on its own special facts. *Id.,* p 703. We believe that, in considering the purposes underlying the WDCA and the facts of this case, defendant is entitled to invoke the equitable doctrine of reverse piercing of the corporate veil.

It has previously been noted that if a corporate veil is pierced because of the almost complete identity between the corporation and the majority shareholder, then the majority shareholder and the corporation are generally considered to be one and the same, that is, the employer, for purposes of the exclusive remedy provision of the WDCA. *Pettaway v McConaghy,* 367 Mich 651, 654; 116 NW2d 789 (1962); *Maki v Copper Range Co,* 121 Mich App 518, 526; 328 NW2d 430 (1982); *Dobbs v Journal Co,* 137 Mich App 663, 666; 358 NW2d 32 (1984). In the present case, defendant is the sole shareholder of Beirut Bakery. Defendant is also a principal employee of the bakery and acts as the general manager and supervisor of its operations. Under these circumstances, there is "such a complete identity between the defendant and the corporation as to suggest that one was simply the alter ego of the other." *Pettaway, supra,* p 654.

Additionally, in considering the policies underlying the WDCA, we believe that defendant is entitled to invoke the doctrine of "reverse piercing" of the corporate veil. Defendant did not create the corporate entity to insulate himself from worker's compensation liability. Indeed, plaintiff received her benefits under the WDCA from the corporation. Because defendant and the corporation are so closely related and we treat them as the same entity, the trial court properly ruled that defendant is entitled to invoke the equitable doctrine of reverse piercing of the corporate veil and that defendant should be treated as the employer for purposes of the exclusive remedy provision of the WDCA.

II

Plaintiff next contends that even if defendant is

found to be her employer for purposes of the WDCA, she may still maintain her claim under the dual-capacity doctrine.

The dual-capacity doctrine recognizes that an employer can, under certain circumstances, occupy a status other than that of an employer with respect to the employee. *Wells, supra,* p 653. The doctrine is applicable only in those situations where the employer has a second identity that is completely distinct and removed from the status of employer. *Howard v White,* 447 Mich 395, 399-400; 523 NW2d 220 (1994).

In the present case, plaintiff slipped and fell on ice in the parking lot when she was taking trash out. There is no dispute that plaintiff performed this duty during the course of her employment. Plaintiff states that the injury occurred in the parking lot, not on bakery property, and that defendant is liable as the owner of the parking lot.

In *Cassani v Detroit,* 156 Mich App 573, 575; 402 NW2d 1 (1985), this Court stated that the great majority of American jurisdictions have held that an employer's status as a landowner does not endow the employer with a second identity where the injury to the employee occurs in the course of employment. Further, courts have held that injury in the course of employment due to hazards on the employer's property did not confer the employer with a separate identity even where the property on which the injury occurred was not used by the employer as a workplace in the course of its business. *Id.,* pp 575-576, citing *Jansen v Harmon,* 164 NW2d 323 (Iowa, 1969), and *Royster v Montanez,* 134 Cal App 3d 362; 184 Cal Rptr 560 (1982).

Similarly, in *Benson v Dep't of Management & Budget,* 168 Mich App 302, 309; 424 NW2d 40 (1988), the plaintiff could not avoid the exclusive remedy provision under the dual-capacity doctrine

where she was injured in a parking lot owned and maintained by the defendant. The Court found that the plaintiff was presumed to have been injured in the course of employment because she had arrived at the lot for the purpose of beginning work. Because parking at the lot was incident to the employment relationship, the plaintiff's sole remedy was worker's compensation benefits.

In the present case, plaintiff cannot avoid the exclusive remedy provision under the dual-capacity doctrine, because the defendant's identity is not completely distinct and removed from his status as the employer. Plaintiff was injured in the course of her employment and was taking the trash out to the garbage bin because of the employment relationship. Accordingly, the trial court did not err in ruling that the dual-capacity doctrine did not apply to this case.

Affirmed.