BITAR v WAKIM

Docket No. 103663. Argued April 9, 1997 (Calendar No. 16). Decided January 21, 1998.

Fauzie Bitar brought an action in the Wayne Circuit Court against Iskandar Wakim, claiming that accumulated ice and snow in the parking lot of Beirut Bakery, Inc., where she worked, had caused her fall. Beirut Bakery, Inc., is a Michigan corporation whose stock is solely owned by the defendant, who at the time of the accident personally owned the property and leased it to the bakery. The plaintiff received worker's compensation benefits. The court, Paul S. Teranes, J., granted summary disposition for the defendant. The Court of Appeals, JANSEN, P.J., and CORRIGAN and T. G. KAVANAGH, JJ., affirmed, finding that the defendant was entitled to a "reverse piercing" of the corporate veil because he and Beirut Bakery were regarded as the same entity and both were entitled to rely upon the exclusive remedy provision of the Worker's Disability Compensation Act. The Court further found that the plaintiff could not sue Mr. Wakim under a dual capacity theory (Docket No. 173717). The plaintiff appeals.

In an opinion by Justice BRICKLEY, joined by Justices CAVANAGH and KELLY, and an opinion by Chief Justice MALLETT, joined by Justice BOYLE, the Supreme Court *held*:

The defendant is not entitled to protection under the exclusive remedy provision of the worker's compensation act, requiring reversal and remand for further proceedings.

Justice BRICKLEY, joined by Justices CAVANAGH and KELLY, would hold further that the defendant is not entitled to a reverse piercing of the corporate veil; rather, under the equities of the case, the corporate structure should not be disregarded.

The corporate structure will be disregarded when the equities are compelling. In such cases, the corporate veil is "pierced" and the shareholders are held liable for the acts of the company. Courts will grant this remedy where honoring the corporate structure would subvert justice or perpetuate fraud. Normally, a plaintiff seeks to avoid the corporate structure to force a shareholder to accept responsibility for a corporation's actions. The equities of a given case may allow the shareholder to ignore the corporate form.

In such a reverse piercing case, the shareholder and the corporation are treated as the same entity.

In this case, the equities do not merit a reverse piercing of the employer's corporate veil. The sole corporate stockholder and the owner of the property on which the plaintiff was injured chose to maintain the property in his own name and to lease it to the corporation. The plaintiff was injured on property owned by a legal entity that was not her employer. Thus, she can bring suit against the owner of that property without violating the exclusive remedy provision of the worker's compensation act. Neither the policies of the act, nor the interests of justice, require that the property owner be allowed to escape suit merely because he is the majority shareholder of the corporate employer.

Chief Justice MALLETT, joined by Justice BOYLE, concurring, stated that the outcome may have been different had the defendant raised the coemployee issue in the courts below. Because the issue was not preserved for review, the exclusive remedy provision of the Worker's Disability Compensation Act is inapplicable to the defendant and is dispositive of the case.

Reversed and remanded.

Justice WEAVER, joined by Justice TAYLOR, dissenting, stated that a worker who receives worker's compensation benefits may not sue a natural person in the same employ or the employer for work-related injuries. Clearly Wakim, as president of Beirut Bakery, Inc., is a natural person in the same employ as Bitar. Thus, whether the trial court erred in reverse piercing of the corporate veil should not be addressed because the plaintiff's suit still is barred by MCL 418.827(1); MSA 17.237(827).

211 Mich App 617; 536 NW2d 583 (1995).

*Geno T. Zayid* for the plaintiff.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Noreen L. Slank* and *Barbara H. Goldman*), for the defendant.

Amici Curiae:

*Plunkett & Cooney, P.C.* (by *Paul F. Paternoster*), for Michigan Defense Trial Counsel.

*Martin L. Critchell* for Michigan Self-Insurers' Association.

*Granzotto & Nicita, P.C.* (by *Mark Granzotto*), for Michigan Trial Lawyers Association.

BRICKLEY, J. This case arises out of a slip and fall accident. The plaintiff, Ms. Fauzie Bitar, was working for Beirut Bakery, Inc. Beirut Bakery, Inc., is a Michigan corporation whose stock is solely owned by the defendant, Mr. Iskandar Wakim. At the time of the accident, Mr. Wakim also personally owned the property where the bakery was located and leased the property to the bakery.

On the night of December 23, 1991, Ms. Bitar was taking trash out of the bakery to a dumpster at the rear of the property. As she was walking across the property, she slipped and injured her ankle. Ms. Bitar applied for, and received, worker's compensation benefits under the bakery's insurance policy. Ms. Bitar then sued Mr. Wakim personally, claiming that accumulated ice and snow in the parking lot had caused her fall.

Mr. Wakim moved for summary disposition in circuit court asserting the exclusive remedy provision of the Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131). Mr. Wakim's motion was granted. Ms. Bitar then appealed to the Court of Appeals, which affirmed the trial court. 211 Mich App 617; 536 NW2d 583 (1995). The Court of Appeals found that Mr. Wakim was entitled to a "reverse piercing" of the corporate veil. *Id.* at 621-622. Accordingly, Mr. Wakim and Beirut Bakery, Inc., were regarded as the same entity, and both were entitled to rely upon the exclusive remedy provision. *Id.* at 622. The Court of Appeals also found that the plaintiff could not sue Mr. Wakim under a dual capacity theory. *Id.* at 624.

We would reverse the judgment of the Court of Appeals and find that Mr. Wakim is not entitled to a reverse piercing of the corporate veil. Rather, under the equities of this case, the corporate structure should not be disregarded. Thus, Mr. Wakim is not entitled to protection under the exclusive remedy provision. This finding makes it unnecessary to reach the dual capacity issue.

### I. PIERCING OF THE CORPORATE VEIL

It is clear that a shareholder is a separate legal entity from the corporation. *Bourne v Muskegon Circuit Judge*, 327 Mich 175, 191; 41 NW2d 515 (1950). This is true even when the corporation's stock is owned by one individual. *Id.*; see also *Bill Kettlewell Excavating, Inc v St Clair Co Health Dep't*, 187 Mich App 633, 639; 468 NW2d 326 (1991). As a general principle, this separation of identities is to be respected. *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 650; 364 NW2d 670 (1984).

However, the corporate structure will be disregarded when the equities are compelling. *Id.* at 651. In such cases, the corporate veil is "pierced" and the shareholders are held liable for the acts of the company. Courts will grant this remedy where honoring the corporate structure would subvert justice or perpetuate fraud. *Wells* at 650; *Klager v Robert Meyer Co*, 415 Mich 402, 411; 329 NW2d 721 (1982), *United Armenian Brethren Evangelical Church v Kazanjian*, 322 Mich 651, 658; 34 NW2d 510 (1948). This decision is based on a consideration of the facts and equities of the case. *Klager, supra* at 411.

Normally, a plaintiff seeks to avoid the corporate structure to force a shareholder to accept responsibil-

ity for a corporation's actions. However, this Court
has recognized that the equities of a given case may
allow the shareholder to ignore the corporate form. In
such a reverse piercing case, the shareholder and the
corporation are treated as the same entity. In *Wells*,
the plaintiff worked for a wholly owned subsidiary of
a tire company. *Wells*, *supra* at 645-646. He was
injured at work by a product made by the parent cor-
poration and collected worker's compensation from
that corporation. He also sued the parent company,
asserting products liability. The plaintiff argued that
his suit was not barred by the exclusive remedy pro-
vision because the subsidiary, not the parent corpora-
tion, was his employer. *Id.* This Court concluded that
it would be wholly inequitable, and contrary to public
policy, to allow the plaintiff to treat the parent corpo-
ration as his employer in order to receive worker's
compensation benefits, and then to deny that the par-
ent corporation was his employer in order to avoid
the exclusive remedy provision. *Id.* at 652. Thus, this
Court pierced the veil between the parent and the
subsidiary and dismissed the case based on the exclu-
sive remedy provision. *Id.* at 650-654.

The Court made a similar finding in *Pettaway v
McConaghy*, 367 Mich 651; 116 NW2d 789 (1962). In
that case, the defendant was the majority stockholder
and director of a corporation that had employed the
plaintiff. *Id.* at 652-653. The plaintiff alleged that the
defendant's modifications to a machine had resulted
in injuries to the plaintiff. *Id.* at 653. The Court found
there to be "such a complete identity between the
defendant and the corporation as to suggest that one
was simply the alter ego of the other." *Id.* at 654. The
Court then stated that the plaintiff's suit would be

defeated by the exclusive remedy provision if the corporate structure were ignored. However, the Court explained that this analysis was not employed by the lower courts, nor was it pursued by the parties on appeal. *Id.*

## II. APPLICATION

We find that the equities of this case do not require the application of *Wells* and *Pettaway*. Unlike *Wells*, and the cases following it,[1] this case does not involve an attempt by an employee of a subsidiary company to state a cause of action against the parent corporation. Unlike the plaintiff in *Wells*, Ms. Bitar never claimed that Mr. Wakim was her employer in order to receive worker's compensation benefits. Rather, she filed her worker's compensation claim against the bakery, the entity that provided worker's compensation coverage. Unlike *Wells*, there is no evidence that Ms. Bitar structured her cause of action in such a way as to reap all the benefits, and none of the drawbacks, of the Worker's Disability Compensation Act. Rather, Ms. Bitar's claims simply recognized the corporate structure established by the defendant. Further, we decline to follow the dicta found in *Pettaway*. Rather, we choose to approach this case in light of the facts presented. *Klager, supra* at 411.

The equities of this case do not merit a reverse piercing of Beirut Bakery's corporate veil. First, Mr. Wakim chose to maintain the property in his own

---

[1] See, for example, *Nardi v American Motors Corp*, 156 Mich App 275; 401 NW2d 348 (1986). In cases involving a parent-subsidiary corporate structure, an economic realities test is used to determine which entity, or both, is the employer under the Worker's Disability Compensation Act. We agree with the parties that this test does not apply to the case currently before the Court.

name and to lease it to the corporation. Presumably, this arrangement was advantageous to Mr. Wakim. We agree with the Court of Appeals statement in *Williams v American Title Ins Co*, 83 Mich App 686, 699; 269 NW2d 481 (1978), that those who create, and take advantage of, a corporate structure should not be allowed to disregard that structure when it suits their purposes.

Moreover, a reverse piercing of Beirut Bakery's corporate veil is not required to prevent injustice. Ms. Bitar injured herself on property owned by a legal entity that was not her employer. Thus, she can bring a lawsuit against the owner of that property without violating the exclusive remedy provision of the Worker's Disability Compensation Act. See 6 Larson, Workers' Compensation, § 72.81(b), pp 14-290.93 to 14-290.94. The act prevents Ms. Bitar from filing a tort action against her employer because she is entitled to worker's compensation benefits. However, it does not bar a premises liability action against a third party. Thus, neither the policies of the act, nor the interests of justice, require that Mr. Wakim be allowed to escape suit merely because he is the majority shareholder of Ms. Bitar's employer.

### III. CONCLUSION

Because Mr. Wakim is not to be viewed as Bitar's employer, we do not need to reach Mr. Wakim's defense under the dual capacity doctrine. Further, we note that the Michigan Self-Insurers' Association, as amicus curiae, argued that subsection 827(1) of the act provides Mr. Wakim with a defense in this case, even if he is not found to be Ms. Bitar's employer. However, this issue was not adequately developed by

the lower courts or the parties. Therefore, we decline to comment upon it.[2]

Mr. Wakim and the Beirut Bakery were separate legal entities at the time of Ms. Bitar's fall. As the employer, the bakery should not be sued because of the exclusive remedy provision. However, the Court of Appeals erred when it allowed Mr. Wakim to use this provision to protect himself from suit as the premises owner. Therefore, we would reverse the Court of Appeals and would remand this case for further proceedings.

CAVANAGH and KELLY, JJ., concurred with BRICKLEY, J.

MALLETT, C.J. (*concurring*). I concur with the result reached by the lead opinion in this case. I write separately, however, to note that the outcome may have been different had the defendant raised the coemployee issue in the courts below.

Justice BRICKLEY is correct to point out, in footnote 2, that failure to present or adequately brief an issue in the trial court or the Court of Appeals prohibits review by this Court because the issue is not preserved and, hence, forever barred. See *Lawrence v Darrah & Associates*, 445 Mich 1, 4, n 2; 516 NW2d 43 (1994).

Because the coemployee issue was not preserved for this Court's review, I agree with the lead opinion

---

[2] In view of the interest of the parties in the dual capacity doctrine, the parties were directed to file supplemental briefs on the question whether plaintiff-appellant's suit is barred by MCL 418.827(1); MSA 17.237(827)(1) because defendant is a "natural person in the same employ" as plaintiff. After receipt of the additional briefing, the Court concluded that it should not depart from the well-established rule that issues not presented to the trial court or the Court of Appeals are not preserved for review by this Court.

that the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), is inapplicable to the defendant and, therefore, is dispositive of this case. Because the Court of Appeals erred in its analysis of this issue, I agree a remand is appropriate.

BOYLE, J., concurred with MALLETT, C.J.

WEAVER, J. I respectfully dissent. I would decline to address the issue whether the trial court erred in reverse piercing of the corporate veil because, even if we accept the plaintiff's argument on that issue, her suit would still be barred by MCL 418.827(1); MSA 17.237(827)(1).

Subsection 827(1) of the Worker's Disability Compensation Act states, in part:

> Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person *other than a natural person in the same employ or the employer* to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies . . . . [MCL 418.827(1); MSA 17.237(827)(1) (emphasis added).]

The negative implication of this subsection is that a worker who receives worker's compensation benefits may not sue "a natural person in the same employ or the employer" for work-related injuries, and Michigan courts have consistently interpreted this provision in that manner. Welch, Worker's Compensation in Michigan: Law & Practice (3d ed), § 5.8, pp 5-11 to 5-14. *Farrell v Dearborn Mfg Co*, 416 Mich 267, 283; 330 NW2d 267 (1982); *Pettaway v McConaghy*, 367 Mich 651, 654-655; 116 NW2d 789 (1962).

Therefore, even if the Court accepts plaintiff's arguments that Wakim is not Bitar's employer, the Court must still ask if he is a "natural person in the same employ" as Bitar. He clearly is. In his affidavit and deposition testimony, Wakim stated that he is the president of Beirut Bakery, Inc. Plaintiff does not dispute this. In fact, plaintiff's reply brief admits that Wakim is a "worker—like anyone else."[1] Thus both Wakim and Bitar work for the same employer. The central holding of *Pettaway, supra* at 654, is that *all* natural persons who are carrying out the activities of the employer are included within the scope of subsection 827(1), regardless of what those activities may be.

In fact, *Pettaway* is similar to the present case. In *Pettaway*, the defendant was the sole shareholder and president of American Asbestos Products, Co. The plaintiff was injured at work, received worker's compensation benefits, and then sued the defendant individually for negligence. This Court unanimously held that the suit was barred by the precursor of § 827.[2]

The lead opinion declines to address this argument, stating that it was not developed by the lower court or the parties. I do not believe that this is accurate. The argument is presented in the defendant's brief to this Court, and is clearly presented by both amici curiae Michigan Defense Trial Counsel and Michigan Self-Insurers' Association. Furthermore, this Court has the authority to decide cases on grounds not

---

[1] At oral argument, plaintiff's attorney again acknowledged that Wakim is the president of Beirut Bakery, Inc.

[2] The precursor of § 827 was previously codified at MCL 413.15; MSA 17.189. The language was not changed.

presented below. MCR 7.316(A)(3); *Wayne Co v Britton Trust*, 454 Mich 608, 620, n 9; 563 NW2d 674 (1997). While one may take issue with the effectiveness of defendant's presentation of this argument to this Court, the fact that the amici curiae clearly present the argument certainly enables this Court to consider it. See *Allen Park Village Council v Allen Park Village Clerk*, 309 Mich 361, 363; 15 NW2d 670 (1944).

On July 31, 1997, this Court directed the parties to brief whether plaintiff's suit was barred by § 827. 568 NW2d 87. When this order was entered, this Court was well aware that this issue had not been presented to the lower courts. Nevertheless, the order was entered. Now, after the parties have incurred the expense of researching and preparing the requested supplemental briefs, the lead opinion declines to consider the very issue for which it ordered supplemental briefs.

In *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994), this Court stated "absent unusual circumstances, issues not raised at trial may not be raised on appeal." This Court's ordering of supplemental briefs certainly satisfies the unusual circumstance prerequisite. Under such circumstances, this Court should address § 827.

My reading of the record and the law suggests there are no relevant facts left to be developed. A remand would merely prolong litigation and potentially waste judicial resources.

TAYLOR, J., concurred with WEAVER, J.