## BARAGA PRODUCTS, INC., Plaintiff,

v.

## COMMISSIONER OF REVENUE, Defendant.

No. 2:96–CV–176.

United States District Court, W.D. Michigan, Southern Division.

March 17, 1997.

Scott M. Moore, Scott Michael Moore, MA, JD, Mohawk, MI, for Plaintiff.

Kevin T. Smith, Asst. Attorney General, Revenue Division, Lansing, MI, for Defendant.

## MEMORANDUM OPINION

McKEAGUE, District Judge.

Now before the Court is plaintiff's motion for judgment on the pleadings and defendant's request for summary judgment in its favor.[1] Having carefully considered the briefs and heard argument on October 30, 1996, the Court is now ready to issue its opinion. For the following reasons, defendant's motion for summary judgment is granted and plaintiff's case is dismissed in its entirety.

### I.  Factual Background

The facts are not in dispute. Plaintiff, Baraga Products, Inc. ("BPI"), was incorporated under the laws of the state of Michigan on January 1, 1984, and organized as a corporation pursuant to Michigan's Business Corporation Act, 1972 P.A. 284, M.C.L.A. § 450.1101 et seq. BPI, a business engaged in the manufacture and sales of a product line of rough terrain forklifts known as the "Square Shooter," is located at 445 N. Superior Avenue, in Baraga, Michigan, within the exterior boundary of the L'Anse Federal Indian Reservation. BPI's shares of stock have had various Indian and non-Indian own-

---

1. Although plaintiff's motion for judgment on the pleadings is the only motion formally before the Court, in its response defendant stated: "the State opposes plaintiff's motion and asks the Court to grant judgment in the state's favor or dismiss this action for lack of jurisdiction." The Court will treat defendant's request as a formal motion for summary judgment, it appearing there is no question that plaintiff was put on notice its claim was at risk.

ers in the 13 years since the corporation was formed. At the time of incorporation, according to the "Initial Subscription Agreement," BPI's 4,000 shares of stock were equally divided among four shareholders. Three were non-indians: Russell W. Carriere, George A. La Tendresse and Robert P. Karvonen, and one was an Indian: James W. Mayo. By the time this lawsuit was filed on July 8, 1996, 100 percent of BPI's stock was held by Mr. Mayo, an Ojibwa Indian and enrolled tribal member of the Keweenaw Bay Indian Community (the "Tribe.") The Tribe is federally recognized and inhabits the legally-defined L'Anse Federal Indian Reservation pursuant to the Treaty with the Chippewa of September 30, 1854, 10 Stat. 1109, ("the Treaty.") [2] Defendant is the Commissioner of Revenue, an official with the state Department of Treasury, charged with collecting state taxes, including Michigan's Single Business Tax ("SBT"),[3] the tax at issue in this lawsuit.

Plaintiff, asserting federal question jurisdiction, requests this Court issue a permanent injunction declaring that because 100 percent of the shares of BPI are Indian owned, the state of Michigan is prohibited under the United States Constitution and federal law from levying the SBT upon plaintiff. Plaintiff also seeks damages equal to the total amount of SBT collected from BPI since 1984, or an estimated $121,905.50, plus interest. Defendant, meanwhile, asserts that this Court lacks both personal and subject matter jurisdiction over defendant, and is barred from granting monetary relief by the Eleventh Amendment, the federal Anti–Injunction Act, 28 U.S.C. § 1341 and various Michigan statutes of limitations.

## II. Standard of Review

Plaintiff has filed a motion for judgment on the pleadings. The standard for a motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) is the same as the standard for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be grant-

ed. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R.Civ.P. 12(c). Although there are no disputes over any factual issues in this case, the exhibits plaintiff has attached to its motion for judgment on the pleadings are "matters outside the pleadings" and require this Court to treat plaintiff's motion as one for summary judgment under Fed.R.Civ.P. 56. Defendant, meanwhile, has also requested summary judgment under Rule 56.

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Neither party contends that a genuine issue of material fact exists; thus, summary judgment is appropriate.

## III. Discussion

■ Plaintiff contends defendant has unlawfully collected the SBT from plaintiff since 1984. This case raises the question whether a Michigan corporation owned by Indian shareholders is exempt from state taxes. The Supreme Court has clearly stated the rule in such cases as follows: " '[A]bsent cession of jurisdiction or other federal statutes permitting it,' . . . a State is without power to tax reservation lands and reservation Indians." *United States v. State of Michigan,* 106 F.3d 130, 131 (6th Cir.1997) (quoting *County of Yakima v. Confederated Tribes and Bands of the Yakima Indian Nation,* 502 U.S. 251, 258, 112 S.Ct. 683, 688, 116 L.Ed.2d 687 (1992)). However, the Su-

---

**2.** For the legal description of the reservation see *Keweenaw Bay Indian Community v. State of Michigan,* File No. M87–278–CA2, Order of December 7, 1989.

**3.** The SBT is levied pursuant to the Single Business Tax Act, M.C.L.A. § 208.1 *et seq.*

preme Court has limited immunity from state taxes only to income that is (1) earned on an Indian reservation, (2) by an enrolled member of an Indian tribe, (3) who lives on the tribal reservation of the tribe in which the member is enrolled. *McClanahan v. State Tax Comm'n of Arizona,* 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973). The mere fact that the income is earned on the reservation is not sufficient to make it immune from state taxation. Instead, the taxpayer must show that he or she is an enrolled member of the tribe of the reservation where they earned the income. *Washington v. Confederated Tribes of the Colville Indian Reservation,* 447 U.S. 134, 160, 100 S.Ct. 2069, 2085, 65 L.Ed.2d 10 (1980) ("Federal statutes, even given the broadest reading to which they are reasonably susceptible, cannot be said to preempt Washington's power to impose its taxes on Indians not members of the tribe."); *see also Duro v. Reina,* 495 U.S. 676, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990) (an Indian tribe may not assert criminal jurisdiction over a nonmember Indian). Thus, the state may tax non-Indians and Indians who are not members of the subject Tribe, even when they reside on a reservation. *Colville,* 447 U.S. at 161, 100 S.Ct. at 2085. In *Colville,* the Supreme Court recognized that taxation of non-members was valid even if this significantly touched the political and economic interests of the Tribe. *Colville,* 447 U.S. at 157, 100 S.Ct. at 2083.

Plaintiff's counsel conceded at oral argument that as a corporation, plaintiff is not actually an enrolled member of the Tribe. It is also clear that because a corporation is a legal fiction owing its existence to state law, BPI is also not the legal equivalent of a member of the Tribe. *See Gordon Sel–Way, Inc. v. Spence Bros., Inc.,* 177 Mich.App. 116, 123, 440 N.W.2d 907 (1989) ("A corporation is merely a legal fiction acting through its officers and agents.")

Neither can plaintiff argue that it should be considered an enrolled member simply because its sole shareholder is a member of the Tribe. *See Bitar v. Wakim,* 211 Mich. App. 617, 621, 536 N.W.2d 583 (1995) ("Generally, the law treats a corporation as an entirely separate entity from its stockholders, even where one person owns all of the corporate stock."); *Bill Kettlewell Excavating, Inc. v. St. Clair County Health Dept.,* 187 Mich.App. 633, 639, 468 N.W.2d 326 (1991) ("A corporation is a legal entity distinct from its shareholders, even though all of the stock is held by a single individual.")

A corporation cannot take on the form of its shareholder in order to reduce tax liability. *Moline Properties, Inc. v. Comm'r of Internal Revenue,* 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499 (1943). The reason for this is that the taxpayer essentially adopts the corporate form for its own purposes. When the taxpayer chooses the advantages of incorporation, it must also accept the disadvantages with regard to taxation. *Moline,* 319 U.S. at 439, 63 S.Ct. at 1134. Although there is no evidence in the record that BPI was formed for this reason, it is obvious that one of the main attractions for individuals to form corporations is to reduce personal liability. Under Michigan law, since its incorporation in 1984, the assets of BPI's shareholders have been shielded from any liability incurred by the corporation. *See Bodenhamer Bldg. Corp. v. Architectural Research Corp.,* 873 F.2d 109 (6th Cir.1989) ("[T]he general principle in Michigan is that separate corporate identities will be respected, and thus corporate veils will be pierced only to prevent fraud or injustice."). Having benefitted from 13 years of shareholder asset protection due to its voluntary decision in 1984 to elect corporate status under Michigan law, plaintiff cannot plausibly turn around and ask this Court to declare it immune from taxes levied by the very state which created it.

■ It is possible that a corporation owned by Indian shareholders might be immune from state taxation if it is acting as an equivalent to the Indian tribe itself. For example, a corporation has been held to be entitled to the same sovereign immunity as the Indian Tribe when it is organized under tribal laws; it is controlled by the Tribe; and it is operated for government purposes. *See Cohen v. Little Six, Inc.,* 543 N.W.2d 376, 379 (Minn.App.1996); *Dixon v. Picopa Constr. Co.,* 160 Ariz. 251, 772 P.2d 1104, 1109–11 (1989). Moreover, a corporation may be en-

titled to the protections of an Indian Tribe if it is acting as the tribe's agent. *See Enterprise Mgmt. Consultants, Inc. v. State ex rel. Oklahoma Tax Comm'n,* 768 P.2d 359 (Okl. 1988). But none of these conditions are present here and plaintiff concedes it is not acting as the Tribe's agent nor is it incorporated under the laws of the Tribe.

This Court's conclusion that a corporation owned solely by an Indian shareholder can be subject to state taxation is not inconsistent with the ruling issued by the defendant Commissioner on April 30, 1979 and cited by plaintiff as support for its position.[4] In LR 79–17, the Commissioner stated that a sole proprietorship of a qualified Native American Indian was not subject to the SBT. A sole proprietorship is clearly taxed differently from a corporation, because income of the sole proprietorship is treated as income of the sole proprietor. If the government taxes the sole proprietorship it is also directly taxing the sole proprietor. The two are one and the same. However, in the case of a corporation, the state may tax the corporation's income and this does not equate to taxing the shareholders, who are taxed separately.

The conclusion that taxation of plaintiff, a corporation, is not the same as taxing its shareholder, an enrolled member of a Native American Indian tribe, is supported by the Supreme Court case *Oklahoma Tax Comm'n v. Chickasaw Nation,* 515 U.S. 450, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995). There, the Court stated that the proper inquiry is who bears the legal incidence of the tax. If it is the tribe or the tribal members who bear the legal incidence, then the tax cannot be enforced absent clear congressional authorization. *Chickasaw Nation,* 515 U.S. at 458, 115 S.Ct. at 2220. In making this inquiry, the Supreme Court stated that it would not look at the "economic realities" of who bore the tax burden, because this could make the tax system too unpredictable. *Chickasaw Nation,* 515 U.S. at 459, 115 S.Ct. at 2221. Here, it is clear that the "legal incidence" of the SBT falls on the plaintiff corporation, and not on its shareholders.

At oral argument it became clear the thrust of plaintiff's claim is that Michigan corporations should be immune from state taxes by the percentage of which their shares are owned by Indians who meet the requirements of *McClanahan.* In other words, if a corporation had one hundred shares of stock and five shares were held by qualified Indians, the corporate entity would receive a 5 percent discount on the SBT and other state taxes.[5] Every year, apparently, plaintiff believes the state should recalculate this formula for each corporate taxpayer. Although the Court need not devote much time pondering

---

**4.** The full text of LR 79–17, titled "SOLE PROPRIETORSHIPS OF NATIVE AMERICAN INDIANS" reads:

You are a member of a federally recognized tribe of native American Indians, and you reside on the reservation of your tribe. You plan to start a sole proprietorship which you will operate entirely on your tribe's reservation. You inquire whether, under the Buck Act, [4 U.S.C. § 104, *et seq.*], your business will be exempt from Michigan's single business tax.

The State of Michigan cannot impose the single business tax on a sole proprietorship when:
1. The sole proprietor is a member of a federally recognized tribe or band, AND
2. The sole proprietor resides on a reservation of his or her band, AND
3. The business activity is conducted entirely on a reservation of that tribe or band.

See *McClanahan v. Arizona Tax Comm'n,* 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973). *See also,* 4 U.S.C. § 109.

Because you meet these requirements, your sole proprietorship, conducted entirely on your reservation, is not subject to single business tax.

| | |
|---|---|
| April 30, 1979 | Sydney Goodman |
| LR 79–17 | Commissioner of Revenue |

**5.** In his reply brief, plaintiff proposed the Court employ exactly such a formula to assess the amount of SBT defendant has legally levied on plaintiff since 1984. The following chart, produced by plaintiff, illustrates how BPI proposes this Court calculate its requested relief:

| Year | SBT Paid in $ | % of Indian–Owned Shares | Refund in $s |
|---|---|---|---|
| 1984 | 460 | 25 | 115 |
| 1985 | 4,452 | 50 | 2,226 |
| 1986 | 3,187 | 50 | 1,595.50 |
| 1987 | 6,794 | 50 | 3,397 |
| 1988 | 17,058 | 50 | 8,529 |
| 1989 | 23,547 | 50 | 11,773.50 |
| 1990 | 11,000 | 50 | 5,500 |
| 1991 | 2,803 | 50 | 1,401.50 |
| 1992 | 3,256 | 50 | 1,628 |
| 1993 | 6,000 | 50 | 3,000 |
| 1994 | 20,011 | 100 | 20,011 |
| 1995 | 40,229 | 100 | 40,229 |
| 1996 | 22,500 | 100 | 22,500 |

the enormous practical and legal problems such a proposal would create, it is clear that such a solution, especially when ordered by a federal court, as opposed to being properly enacted by a state legislature, would fall far short of the predictability concerns raised by the Supreme Court in *Chickasaw Nation*. While the Court need not consider the enormous practical problems related to plaintiff's proposal to reach its decision in this case, they certainly undermine plaintiff's claim.

The effect of this Court's finding that a corporation is not an "Indian" for purposes of immunity from state taxation might discourage some Native American Indians from selecting this form of business organization. However, the corporation is a creature of state law, created and existing only by virtue of state law. If a person elects to organize his or her business as a corporation under state law, that person will enjoy all the benefits and protections from personal liability that state law provides. However, along with these benefits and protections there may be certain disadvantages to selecting the corporation as a business form. In essence, plaintiff is asking the Court to recognize it as a corporation for all purposes except taxation. Yet plaintiff can not have its cake and eat it too. Since plaintiff is a corporation, and is not an enrolled member of the Keweenaw Bay Indian Community Tribe, and since plaintiff is not acting on behalf of or in place of the Tribe, it is subject to the state SBT.[6]

Plaintiff raised the issue of lack of domicile in its reply brief. Plaintiff contends, correctly, that a state can tax an entity only when that entity is domiciled within the state. It is well established that a corporation can have two domiciles—the place where it is incorporated, and the place where it has its principal place of business. Here, plaintiff concedes it is incorporated within the State of Michigan. Therefore, domicile is present.

### IV. Defendant's Other Defenses

Having already determined that plaintiff's claim fails on the merits, the Court need not consider defendant's argument that plaintiff's claim is barred under either the Eleventh Amendment to the U.S. Constitution or the Tax Injunction Act, 28 U.S.C. § 1341.[7]

An order consistent with this opinion shall issue forthwith.

---

6. If plaintiff wants to avoid this fate it need only consider dissolution and transfer of the corporate assets to Mr. Mayo. The fact that such action has not already been taken to avoid the SBT levied on BPI since Mr. Mayo assumed 100 percent interest in the corporation's shares only strengthens the Court's conviction that there must be some benefits BPI and its shareholders have received from its corporate status.

7. To properly consider either jurisdictional bar it appears likely the Court would have been required to determine the threshold question of plaintiff's status. For example, if plaintiff was found to have the same legal status as an Indian, such a finding might preclude defendant's Eleventh Amendment defense. Having determined, however, that plaintiff is not an Indian, its claim evaporates and there is no need to consider the remaining issues.