Justice Rice
dissenting.
¶38 I respectfully dissent.
¶39 It should be clarified, as the Court notes briefly, that for the only tax year in question, Flat Center was incorporated only as a Montana corporation, as the Tribe had not yet acted in regard to the entity. Thus, Flat Center was solely a creation of the State of Montana. Although emphasized by the parties, Flat Center’s charter as a tribal corporation is not relevant to this Court’s consideration, as it did not occur until several years after the 1993-1994 tax year in question.
¶40 The Court relies instead on the Indian status of the shareholders of Flat Center, describing Flat Center as an “Indian-owned” corporation. In so holding, the Court ignores the mountain of state and federal authority holding that corporations are separate entities which receive tax treatment without regard to the status of the shareholders, as clearly held in Moline Properties v. Commissioner of Internal Revenue (1943), 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499, and in Baraga Products, Inc. v. Commissioner of Revenue (W.D. Mich. 1997), 971 F.Supp. 294.
¶41 In Baraga, a non-Indian corporation owned by a tribal member and operating completely within the L’Anse Federal Indian Reservation brought action against the State of Michigan, seeking to permanently enjoin the state’s levy of a business tax against it. Regarding the status of the subject corporation, the Court stated:
Plaintiffs counsel conceded at oral argument that as a corporation, plaintiff is not actually an enrolled member of the Tribe. ... Neither can plaintiff argue that it should be considered an enrolled member simply because its sole shareholder is a member of the Tribe.... A corporation cannot take on the form of its shareholder in order to reduce tax liability.
Baraga, 971 F.Supp. at 296 (citing Moline).
¶42 Further, in Oklahoma Tax Commissioner v. Chickasaw Nation (1995), 515 U.S. 450, 115 S.Ct. 2214, 132 L.Ed.2d 400, the Supreme Court held that taxing the plaintiff there, a corporation, is not the same thing as taxing the shareholder, a tribal member. The Court reasoned that the proper inquiry was who bore the legal incidence, as opposed to the economic reality, of the tax. Here, it is clear that the legal incidence of the tax falls upon Montana corporation Flat Center, *218 not the shareholders, even though they may ultimately suffer the economic consequence of the tax.
¶43 Under these holdings, the Indian status of Flat Center’s shareholders does not determine the outcome of the corporate taxation issue before us. Further, these holdings establish that the Court is impermissibly redefining the character of Flat Center from a Montana corporation to an entity of Indian personage, in order to void the assessment of the Montana corporation tax.
¶44 The Court next turns to a situs analysis to support its conclusion, citing the language in LaRoque. The Court unpersuasively turns away the State’s argument that the LaRoque holding has been virtually eradicated by subsequent decisions of the United States Supreme Court, finding those cases to be somehow “materially different.” Instead of circumspectly considering this development in the law, the Court chooses to illogically extend its situs analysis, finding that because all of the economic activity occurred within the reservation, “Flat Center does not carry on business in the State of Montana,” and “Flat Center’s income is not earned in Montana.” Therefore, the Court concludes, Flat Center is not required to pay “for the privilege of carrying on business in this state,” despite the mandate of § 15-13-101(3), MCA. I respectfully suggest that it may come as a surprise to many that the Fort Peck Reservation is no longer within the State of Montana, even for tax purposes.
¶45 It was stipulated that Flat Center was voluntarily incorporated as a domestic Montana corporation by its principals, who also elected that the corporation be a “C,” or tax-paying, entity, and who have continued to maintain that entity. Despite this elective incorporation by the principals under the laws of the State of Montana, the Court reaches the nonsensical conclusion that Flat Center is within Montana for purposes of forming a domestic Montana corporation, but that it is not within Montana for purposes of paying the corporate tax assessed against such domestic corporations. “When the [tribal] taxpayer chooses the advantages of incorporation, it must also accept the disadvantages with regard to taxation.” Baraga, 971 F.Supp. at 296 (quoting Moline).
¶46 The Court has ignored the authority which should control the outcome of this case. While the Court correctly states that, absent express federal authorization, reservation lands and Indian income from reservation activities are exempt from state taxation, such is not true, however, for income of non-Indians derived from the reservation. In Cotton Petroleum Corp. v. New Mexico (1989), 490 U.S. 163, 109 *219 S.Ct. 1698, 104 L.Ed.2d 209, the Supreme Court held that where a state has not removed itself from providing government services benefitting the taxpayer and reservation residents generally, an otherwise nondiscriminatory tax on a nonmember-a corporation in that case-will be upheld unless Congress has specifically preempted the tax. There was no allegation here that the State of Montana has withdrawn public services or that Congress has specifically preempted the corporate tax in question. Consequently, I disagree with the Court’s adoption of policy, stated in ¶ 14, that the State “should not be presumed to wield ... on-reservation tax authority absent an express Congressional provision.” While such a policy may indeed be preferable, the United States Supreme Court has clearly stated that such Congressional action is not a prerequisite for taxation of non-Indian corporations deriving income from the reservation.
¶47 Contrary to the Court, I find Baraga persuasive, and for more than its corporate analysis, discussed above. In validating the assessment of Michigan’s corporate tax against an Indian-owned corporation operating on the reservation, the Baraga Court also analyzed under what conditions a corporation might be immune from state taxation:
It is possible that a corporation owned by Indian shareholders might be immune from state taxation if it is acting as an equivalent to the Indian tribe itself. For example, a corporation has been held to be entitled to the same sovereign immunity as the Indian tribe when it is organized under tribal laws; it is controlled by the Tribe; and it is operated for government purposes. See Cohen v. Little Six, Inc., 543 N.W.2d 376, 379 (Minn. App. 1996); Dixon v. Picopa Constr. Co., 160 Ariz. 251, 772 P.2d 1104, 1109-11 (Ariz. 1989). Moreover, a corporation may be entitled to the protections of an Indian Tribe if it is acting as the tribe’s agent. See Enterprise Mgmt. Consultants, Inc. v. State ex rel. Oklahoma Tax Comm’n, 768 P.2d 359 (Ok. 1988). But none of these conditions are present here and plaintiff concedes it is not acting as the Tribe’s agent nor is it incorporated under the laws of the Tribe.
Baraga, 971 F.Supp. at 296-97.
¶48 Pursuant to this authority, and finding none of the conditions that may establish immunity from taxation here, I would find that the Montana corporate tax is validly assessed under federal law, that Flat Center is a Montana corporation which is distinct from its shareholders, and that it is subject to the tax.
*220 ¶49 The concurrence argues that under the rationale offered in Atkinson, the State has lost its ability to impose the corporate tax on Flat Center. Atkinson addressed tribal jurisdiction. State taxation jurisdiction, being a completely different animal, was not addressed in Atkinson, and that case offers no instruction, by analogy or otherwise, to the issue here. The concurrence is an attractive policy argument for reciprocity between sovereigns, but is not an application of the federal law which is dispositive here.
¶50 I would reverse.